Amrane Cohen, Chapter 13 Trustee
770 The City Drive South, Suite 3700
Orange, CA 92868
Phone (714) 621-0200
e-mail: efile@ch13ac.com

United States Bankruptcy Court
Central District of California – Santa Ana Division

| | |
|---|---|
| Yvette Deanne Barreda<br><br>Debtor(s) | Case No.: 8:24-bk-12419-TA<br><br>Objection to Confirmation of Chapter 13 Plan<br><br>Date:        December 18, 2024<br>Time:        10:30 AM<br>Courtroom:   6C<br><br>411 West Fourth St., Santa Ana, CA 92701 |

**PLEASE TAKE NOTICE** that Amrane Cohen, Chapter 13 Trustee ("Trustee"), hereby submits his Objection to Confirmation of Chapter 13 Plan. The confirmation hearing is currently set on the date, time, and location indicated above.

**NOTICE IS GIVEN** that unless an earlier date is provided by the Local Bankruptcy Rules ("LBR"), any documents requested in this objection or required to be provided to the Trustee must be provided not later than seven (7) calendar days prior to the confirmation hearing.

**NOTICE IS GIVEN** that any reply to this objection must be in writing, filed with the Court, and served upon the Trustee not later than seven (7) calendar days prior to the confirmation hearing. Unless the Court finds good cause, a reply document not timely filed and served may not be considered.

If the Trustee's Objection is sustained, Trustee requests dismissal of the case for failure to confirm a plan under 11 U.S.C. §1307(c) or conversion to chapter 7, whichever is in the best interest of creditors and the estate.

Yvette Deanne Barreda   ("Debtor") filed a chapter 13 petition on or about 9/25/2024.

<u>Jurisdiction:</u>

The bankruptcy court has jurisdiction pursuant to 28 U.S.C.§§ 1334 and 157(b)(2)(L).

\\

Standing of Trustee to object:

The Trustee has standing and shall "appear and be heard" on issues affecting plan confirmation. See §1302(b)(2)(B). In <u>Andrews v. Loheit (In re Andrews)</u>, 49 F.3d 1404, 1408 (9th Cir. 1995), the Circuit Court held that the Chapter 13 Trustee has standing to object to confirmation of a plan that does not meet the requirements for confirmation under § 1325(a)(1) notwithstanding the absence of any objecting creditors. The Trustee objects to confirmation on the following grounds:

1. <u>Debtor did not Appear at the 341(a) Meeting:</u>

Debtor did not appear at the 341(a) meeting. The Clerk of the Court issues a Notice of Chapter 13 Bankruptcy Case (Official Form 309I) in every chapter 13 case filed in the Santa Ana Division. That notice states in item 7:"Meeting of Creditors Debtors must attend the meeting to be questioned under oath by the trustee and creditors. In a joint case, both spouses must attend…"

Local Bankruptcy Rule 3015-1(c)(2) states: "Attendance Requirement. The debtor and debtor's attorney (if any) must attend the §341(a) meeting of creditors. If the case is a joint case, both debtors must appear."

Local Bankruptcy Rule 3015-a(c)(6) states: "Failure to Comply: If the debtor fails to comply with any of the requirements of this subsection (c), such failure may result in: …(C) Dismissal of the case wither (i)without prejudice or (ii) with a 180-day bar to being a "debtor" in accordance with 11 U.S.C. § 109(g), if the court finds willful failure of the debtor to abide by orders of the court or to appear before the court in proper prosecution of the case."

Debtor's husband appeared to inform Trustee that wife was not feeling good and was unable to appear. Given the number of undisclosed bankruptcies related to this debtor, Trustee is skeptical of this excuse.

2. <u>Debtor does not disclose prior cases filed by her husband on the Statement of Related Cases:</u>

This statement filed by Debtor under penalty of perjury at docket 1, page 10 in this case, requires debtors to disclose any case filed "…by or against the debtor, his/her spouse, his or her current or former domestic partner …" Debtor in this case responded "None". However, the following cases show as filed by George A. Barreda, Jorge Alberto Barreda, or George Barreda:

2

| | |
|---|---|
| 19-12290 | Dismissed after confirmation on 9/20/2022 |
| 22-11758 | Filed on 10/16/22 Dismissed after confirmation on 2/8/24 |
| 24-10835 | Filed on 4/3/24 Dismissed before confirmation on 4/22/24 |
| 24-11449 | Filed on 6/6/24 Dismissed before confirmation on 8/27/24 |

All the prior case share the same address as the current case in the city of Orange. Failure to disclose prior cases is an element of a determination of good faith – did debtor fail to disclose information required by schedules in the case.

3. <u>No Plan Payments were Received by Trustee:</u>

Section 1326(a)(1) states: "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, …"  The date for the order of relief is stated above and no plan payments were received by the trustee by the date of the meeting of creditors.

Trustee reserves the right to raise the issue of any plan payments not yet due today but that may become due by the date of the confirmation hearing.

Failure of debtors to make plan payment is evidence that they will not be able to comply with the requirements of §1325(a)(6), therefore the proposed plan cannot be confirmed.

4. <u>Debtor lists Shellpoint Mortgage Servicing in Schedule F as an unsecured claim:</u>

This debt was listed as a mortgage by George Barreda and is listed as an unsecured debt in this case.  This debt exceeds the 109(e) debt limit of $465,275 unsecured debt and renders the debtor ineligible for chapter 13 relief and is an attempt to mislead the court if the debt is actually secured.

If Trustee objections are not addressed, Trustee requests that plan confirmation be denied and the case be dismissed, including dismissal under §109(g), or converted to chapter 7, whichever is in the best interest of creditors and the estate under §1307(c)(5).

Dated: 11/25/2024                                    By:/s/Amrane Cohen
                                                                    Amrane Cohen, Chapter 13 Trustee

<u>Verification:</u>

I, Amrane Cohen, declare that I am the duly appointed Chapter 13 Trustee in this case. I have reviewed the files and records maintained in this case. The facts stated in this objection are based upon those records and are true and correct to the best of my knowledge.

Dated: 11/25/2024　　　　　　　　　By:<u>/s/Amrane Cohen</u>
　　　　　　　　　　　　　　　　　　　Amrane Cohen, Chapter 13 Trustee

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 770 The City Drive South, Suite 3700, Orange, CA 92868

A true and correct copy of the foregoing document entitled (*specify*): **Objection to Plan Confirmation__**
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __November 27, 2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

PRO PER

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___November 26, 2024_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Mark D. Houle

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 27, 2024 | Alexis Lopez | /S/ Alexis Lopez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        **F 9013-3.1.PROOF.SERVICE**

Yvette Deanne Barreda
349 E Richland Ave
Orange, CA 92865

6